**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| Sheila Maddox, | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| AllianceOne Inc., | : |
| | : |
| Defendant. | : |

## COMPLAINT

For this Complaint, the Plaintiff, Sheila Maddox, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3. Plaintiff, Sheila Maddox (hereafter "Plaintiff"), is an adult individual whose residence is in Baltimore, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant AllianceOne Inc. (hereinafter "Defendant"), is a Delaware corporation with an address of 4850 East Street Road, Suite 300, Feasterville-Trevose, Pennsylvania 19053, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. A financial obligation was incurred that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection.

8. The Defendant then began to contact the Plaintiff in their attempts to collect this debt, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9. The debt arose from a Target Card which did not belong to the Plaintiff.

10. The Defendant contacted the Plaintiff for a period of several months attempting to locate the owner of the debt.

11. The Defendant called the Plaintiff three to five times every week.

12. The Defendant called the Plaintiff early in the morning and on Sundays.

13. The Defendant was rude and abusive to the Plaintiff during telephone conversations.

14. The Defendant continued to call the Plaintiff after the Plaintiff demanded that they stop calling.

15. The Defendant called the Plaintiff from a private number in order to deceive her into answering the telephone.

16. The Defendant left messages for the Plaintiff without disclosing the name of the collection agency.

17. The Defendant would place calls to the Plaintiff and hang up without leaving a message or speaking with the Plaintiff.

18. On August 11, 2009, the Plaintiff informed the Defendant that she was represented by an attorney.

19. On August 14, 2009, after having knowledge that the Plaintiff was represented by an attorney, the Defendant again called the Plaintiff.

20. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692,** *et seq.*

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendant contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

23.     The Defendant used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

24.     The Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

25.     The Defendant placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

26.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

28.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

30.     Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Maryland state law.

31.     Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with phone calls to her home and attempting to collect a debt from the Plaintiff which the Plaintiff does not owe.

32.     The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

33.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

34.     As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

35.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages from Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 26, 2009

    Respectfully submitted,

    By /s/ Forrest E. Mays_____

    Forrest E. Mays MD Bar No. 07510
    2341 N Forrest Drive, Suite 90
    Annapolis, MD  21403
    Telephone: (410) 267-6297
    Facsimile: (410) 267-6234
    Email: mayslaw@mac.com
    MD Bar No. 07510

    Of Counsel To

    LEMBERG & ASSOCIATES L.L.C.
    A Connecticut Law Firm
    1100 Summer Street, 3rd Floor
    Stamford, CT 06905
    Telephone: (203) 653-2250
    Facsimile:  (877) 795-3666